**UNITED STATES of America**

v.

**William GREER, a/k/a "Thomas William Dodds," Stephen Hutchins, Michael Maple, Thomas Cook, a/k/a "George Wright," Gregory Stevens, Martin Scott, and Glen Koski, Defendants.**

No. 2:95–CR–72.

United States District Court, D. Vermont.

March 14, 1997.

Robert Francis O'Neill, Gravel & Shea; Paul S. Volk, Blodgett, Watts & Volk, Burlington, VT, and Robert Kalina, Rubin & Bailin, New York City, for William Greer.

Mark Alan Kaplan, Jarvis & Kaplan, Burlington, VT, Barry Edward Griffith, Griffith & Lundeen, P.C., Rutland, VT, and Theodore Frederic Robare, Theodore Robare, P.C., Rutland, VT, for Stephen Brent Hutchins.

Bradley Specht Stetler, Stetler & Allen, Burlington, VT, for Thomas Cook.

Mark John Keller, Cain & Keller, Burlington, VT, for Gregory Stevens.

Richard C. Bothfeld, Bothfeld & Volk, P.C.; and L. Randolph Amis, III, L. Randolph Amis, P.C., Burlington, VT, for Gary Norman Peryea.

Robert Andres, Burlington, VT, for William Carr.

David J. Williams, Sleigh & Williams, St. Johnsbury, VT, for Martin Scott.

Barry Edward Griffith, Griffith & Lundeen, P.C., Rutland, VT, for Claire Cunningham.

Paul S. Volk, Blodgett, Watts & Volk, Burlington, VT, for Joseph Desautel.

Martin A. Maley, Kissane Associates, St. Albans, VT, for Glen Koski.

Thomas D. Anderson and David V. Kirby, Asst. U.S. Attys., Office of the United States Attorney, District of Vermont, Burlington, VT, for the U.S.

## RULING ON DEFENDANTS' MOTION IN LIMINE TO RESTRICT INTRODUCTION OF CERTAIN EVIDENCE BY THE GOVERNMENT

SESSIONS, District Judge.

In a letter dated February 5, 1997, the Government notified Defendants, "[p]ursuant to F.R.E. 404(b)," of its intention to introduce evidence of "defendants' involvement in drug smuggling activities between Vermont, Canada, and Florida between approximately 1975 and 1980, to the extent such evidence is not deemed proof of the charges described in the indictment." The Government subsequently specified that it intends to call several witnesses who will testify that they were involved with Defendant Hutchins in the smuggling of marijuana and hashish from Vermont to Canada beginning in the mid-1970s, and continuing into the early to mid-1980s. The Government seeks the introduction of this testimony as direct evidence of the charged conspiracies and continuing criminal enterprise, and in the alternative, under Fed.R.Evid. 404(b). Defendants have moved to exclude this evidence (Paper Nos. 314, 315 and 343).

Although the superseding indictment issued on or about July 18, 1996 alleges that the two conspiracies charged in this case ran from "in or about 1980" to 1993, and the charged continuing criminal enterprise ran from "in or about 1980" to 1991, the evidence that the Government now seeks to introduce tends to prove that the conspiracies and criminal enterprise began in the mid-1970s. The evidence, as proffered by the Government, relates to the smuggling of the same kinds of drugs as in the present case; involves the same Canadian contacts; involves many of the same participants; and includes common modes of transportation.

■ Defendants argue that the Government's proposed evidence would improperly broaden the scope of the superseding indictment. In essence, Defendants argue that the introduction of the evidence would constitute a constructive amendment of the indictment. "An indictment is constructively amended when the proof at trial broadens the basis of conviction beyond that charged in the indictment." *United States v. Patino*, 962 F.2d 263, 265 (2d Cir.), *cert. denied*, 506 U.S. 927, 113 S.Ct. 354, 121 L.Ed.2d 268 (1992); *United States v. Miller*, 471 U.S. 130, 144–45, 105 S.Ct. 1811, 1819–20, 85 L.Ed.2d 99 (1985). The constructive amendment of an indictment is a per se violation of the Fifth Amendment's grand jury clause. *Patino*, 962 F.2d at 266.

■ An indictment is not constructively amended where the defendant has been given notice of the " 'core of criminality' to be proven at trial." *United States v. Heimann*, 705 F.2d 662, 666 (2d Cir.1983) (quoting *United States v. Sindona*, 636 F.2d 792, 797–98 (2d Cir.1980), *cert. denied*, 451 U.S. 912, 101 S.Ct. 1984, 68 L.Ed.2d 302 (1981)). Such notice ensures that a defendant's constitutional right "to be informed of the nature and cause of the accusation" is protected. U.S. Const. amend. VI. Moreover, the indictment must charge "with enough detail that he may plead double jeopardy in a future prosecution." *United States v. Stavroulakis*, 952 F.2d 686, 693 (2d Cir.), *cert. denied*, 504 U.S. 926, 112 S.Ct. 1982, 118 L.Ed.2d 580 (1992).

The Second Circuit has repeatedly held that where the Government uses "on or about" language to refer to dates in an indictment, it need not prove the exact date, so long as a date "reasonably near" is established, and "especially ... where the exact time when an offense was committed is not an essential element of the offense charged." *United States v. Nersesian*, 824 F.2d 1294, 1323 (2d Cir.), *cert. denied sub nom Abdouch v. United States*, 484 U.S. 957, 108 S.Ct. 355, 98 L.Ed.2d 380 (1987); *see also Patino*, 962 F.2d at 266. More recently, the Second Circuit has stated that evidence extending beyond the "on or about" date specified in an indictment is permissible where such evidence does not "prove facts 'materially different from those alleged in the indictment,' " and the date charged in the indictment is

" 'substantial[ly] similar[ ]' to the date established at trial." *United States v. Teague,* 93 F.3d 81, 83–84 (2d Cir.1996), *cert. denied,* — U.S. ——, 117 S.Ct. 708, 136 L.Ed.2d 629 (1997) (quoting *United States v. Helmsley,* 941 F.2d 71, 89 (2d Cir.1991), *cert. denied,* 502 U.S. 1091, 112 S.Ct. 1162, 117 L.Ed.2d 409 (1992), and *United States v. Tramaglino,* 197 F.2d 928, 932 (2d Cir.), *cert. denied,* 344 U.S. 864, 73 S.Ct. 105, 97 L.Ed. 670 (1952)).

■ In light of the foregoing discussion, the issue presented to the Court is whether 1975 is "reasonably near" and "substantial[ly] similar[ ]" to 1980. The Court holds that it is not. A review of the case law in this Circuit reveals the longest time variance upheld to be sixteen months. *See United States v. Matis,* 476 F.Supp. 1287 (S.D.N.Y.1979). In most cases, the variance allowed is at most a matter of months. *See, e.g., Teague,* 93 F.3d at 83 (five days); *Tramaglino,* 197 F.2d at 932 ("a few weeks"); *Nersesian,* 824 F.2d at 1322–23 (one to two months). Even when viewed in the context of the entire duration of the charged conspiracies and continuing criminal enterprise, five years is simply too long. An indictment charging Defendants for conduct "in or about 1980" cannot reasonably be expected to put Defendants on notice that their conduct as early as 1975 is also at issue. Even though the exact times of the conspiracy and criminal enterprise offenses are not essential elements of the crimes, *see Nersesian,* 824 F.2d at 1323, the variance in this case is so great as to impair Defendants' ability to adequately prepare their defense. In short, 1975 is not "reasonably near" to 1980.

The Government has suggested that its evidence is admissible because it concerns only preliminary negotiations which tend to show the formation of the relevant conspiracies. It is clear to the Court, however, that the testimony the Government seeks to introduce is evidence of conspiracy behavior, and not of preliminary negotiations, and in light of the five year variance it creates, is inadmissible.

■ Even though the variance from the indictment precludes introduction of the Government's testimony as proof of the charged conspiracies, the evidence is still admissible

as "other crimes, wrongs, or acts" under Rule 404(b). Defendants have argued that the Government's notice to Defendants was insufficiently detailed to comply with Rule 404(b). The Court finds, however, that the Government has met its burden under the Rule of providing reasonable notice of the "general nature" of the evidence it seeks to introduce, if not in its February 5, 1997 letter, then certainly in its memoranda in opposition to Defendants' motions (Paper Nos. 332 and 356). The issue thus remaining is the purpose for which the Government seeks admission of the evidence.

■ The evidence at issue is admissible under 404(b) so long as it is relevant for a reason other than to prove criminal propensity, and so long as introduction of the evidence would not be unduly prejudicial. As the Second Circuit has stated, "It is within the court's discretion to admit evidence of acts committed prior to the time charged in the indictment to prove the existence of the alleged conspiracy as well as to show its background and history." *United States v. Langford,* 990 F.2d 65 (2d Cir.1993); *see also United States v. Pitre,* 960 F.2d 1112, 1119 (2d Cir.1992) ("Prior act evidence may be admitted to inform the jury of the background of the conspiracy charged, to complete the story of the crimes charged, and to help explain to the jury how the illegal relationship between participants in the crime developed."). Acts committed between 1975 and 1980 might also be relevant to proving intent, preparation, plan or other 404(b) exceptions.

The Court finds that the probative value of the proposed evidence substantially outweighs any prejudicial effect it may have on Defendants. As such, the evidence is admissible under Rule 404(b) for the limited purposes discussed above.

Based on the foregoing analysis, Defendants' Motions to Restrict Introduction of Certain Evidence by the Government (Paper Nos. 314, 315 and 343) are hereby DENIED.